**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CRIMINAL NO.  05-30131-01-GPM** |
| | ) | |
| **DONALD SLACK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Donald Slack is serving a 262 month term of imprisonment which was imposed by this Court

on April 3, 2006 (*see* Docs. 28, 29).   He now seeks a reduction in his sentence pursuant to 18 U.S.C.

§ 3582(c) and Amendment 706 to the United States Sentencing Guidelines (Doc. 163).  The Court

appointed counsel to represent Slack on this issue, and counsel has now moved to withdraw on the

basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. §

3582(c) (Doc. 176). *See Anders v. California*, 386 U.S. 738, 744 (1967).  Slack did not respond to the

motion to withdraw, even though he was given an opportunity to do so.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence

where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that

has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In

doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any

reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18

U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy

two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing

range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009).

Slack is not entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. Slack, however, was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1 ("Career Offender"), not his base offense level set forth in U.S.S.G. § 2D1.1. *See Forman*, 553 F.3d at 589-90. Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 47) and **DISMISSES** the motion for a sentence reduction (Doc. 44) for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: 6/16/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge